Russell S. Thompson, IV (Cal. Bar No. 325944)
Elliot Rosenberger (Cal. Bar No. 298837)
Thompson Consumer Law Group, PC
7080 Hollywood Blvd., Suite 1100
Los Angeles, CA 90028
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
erosenberger@ThompsonConsumerLaw.com

Michael L. Greenwald (to seek admission *pro hac vice*)
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
Telephone: (561) 826-5477
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Mary Moton, *on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br><br>Defendant. | Case No: 3:20-cv-5723<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)<br><br>DEMAND FOR JURY TRIAL |

**Nature of this Action**

1. Mary Moton ("Plaintiff") brings this class action against Wells Fargo Bank, N.A. ("Wells Fargo"), under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Wells Fargo routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system ("ATDS"), and an artificial or prerecorded voice, to place non-emergency calls to telephone numbers assigned to a cellular telephone

1

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

service without prior express consent, in that Wells Fargo places autodialed calls, and delivers artificial or prerecorded voice messages, to wrong or reassigned cellular telephone numbers.

3. Wells Fargo has already been sued for, and has settled on a class-wide basis, multiple class action lawsuits alleging precisely the behavior described herein.

4. Notwithstanding these prior violations of the TCPA and the related class action lawsuits and settlements, Wells Fargo violated the TCPA by contacting Plaintiff and proposed class members on their cellular telephones by using an ATDS or with an artificial or prerecorded voice, without their prior express consent, because these persons are not Wells Fargo customers. *See Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1166 (9th Cir. 2020) ("The principal question in this case is whether Credit One can escape liability under the TCPA because the party it intended to call (its customer) had given consent to be called, even though the party it actually called had not. Consistent with every circuit to have addressed this issue, we hold that this argument fails under the TCPA's text, most naturally read.").

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as Wells Fargo resides and maintains its principal corporate address in this district and because a portion of the events giving rise to this action occurred in this district.

**Intradistrict Assignment**

7. Assignment to the San Francisco Division or the Oakland Division of the Northern District of California is appropriate as Wells Fargo's headquarters and principal corporate address are located in San Francisco.

**Parties**

8. Plaintiff is a natural person who at all relevant times resided in St. Louis, Missouri.

9. Wells Fargo is a national bank headquartered with a principal corporate address at 420 Montgomery Street, San Francisco, California, 94104.

**Factual Allegations**

10. In April 2020, after having not had a cellular telephone in many years, Plaintiff obtained a new cellular telephone number through T-Mobile.

11. T-Mobile selected and assigned telephone number (314) XXX-9323 to Plaintiff.

12. Plaintiff was the regular and sole user of her cellular telephone number.

13. Shortly after activating her cellular telephone number, Plaintiff began receiving a host of unwanted robocalls and text messages.

14. These unwanted calls included calls from Wells Fargo.

15. To that end, Wells Fargo placed multiple calls to Plaintiff's cellular telephone number from telephone number (800) 289-8004, including on April 28, 2020.

16. When dialed, telephone number (800) 289-8004 delivers a prerecorded message that states: "Thank you for calling Wells Fargo auto . . . ."

17. Upon information and good faith belief, Wells Fargo maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

18. The incessant, unwanted robocalls to Plaintiff's cellular telephone became so annoying and irritating that after two weeks Plaintiff canceled her new telephone number.

19. Plaintiff is not, nor was, one of Wells Fargo's customers or accountholders.

20. Plaintiff does not, nor did, have any business relationship with Wells Fargo.

21. Plaintiff did not provide her cellular telephone number to Wells Fargo.

22. Plaintiff did not give Wells Fargo prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system, or an artificial or prerecorded voice.

23. Upon information and good faith belief, Wells Fargo placed its calls to Plaintiff's cellular telephone number in an effort to reach a third party about a Wells Fargo automobile loan.

24. Plaintiff does not know the third party that Wells Fargo attempted to reach.

25. Wells Fargo has long acknowledged that it places calls to non-customers' cellular telephone numbers using an ATDS, and that it delivers artificial or prerecorded voice messages. *See, e.g.*, *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1317 (S.D. Fla. 2012) (holding at

summary judgment: "It is undisputed that Wells Fargo placed multiple calls to the Cell Number, a cellular number, and that those calls were made using an automated telephone dialing system or a prerecorded voice."), *aff'd*, 755 F.3d 1265 (11th Cir. 2014); *Watkins v. Wells Fargo Bank, N.A.*, No. CV 15-5712 (RMB/KMW), 2017 WL 2399086, at *4 (D.N.J. June 2, 2017) ("[T]he parties do not dispute that Wells Fargo called Plaintiff's cell phone 157 times using an ATDS. . . . Indeed, Defendant concedes that '[t]hese calls would be violative of the TCPA, unless the autodialed calls were 'made with the prior express consent' of the Plaintiff.'").

26. On information and belief, Wells Fargo employed and utilized, among other possible dialing software, dialing software manufactured by Aspect Software, Inc. ("Aspect").

27. Wells Fargo's Aspect dialing system is a predictive dialer.

28. Like all predictive dialers, the Aspect predictive dialer is a type of ATDS that has the capacity to store numbers to be called, and to dial such numbers automatically (even if the system must be turned on or triggered by a person). *See Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

29. The Aspect dialing system has the capacity to store numbers to be called and, upon information and belief, Wells Fargo employed this functionality in its calls to Plaintiff.

30. The Aspect dialing system has the capacity to dial numbers automatically from a stored list.

31. The Aspect dialing system has the capacity to deliver artificial or prerecorded voice messages, and Wells Fargo uses its Aspect dialing system to deliver artificial or prerecorded voice messages.

32. Upon information and good faith belief, Wells Fargo placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

33. Indeed, Wells Fargo's calls to Plaintiff's cellular telephone number were in an apparent effort to reach one of Wells Fargo's customers about that customer's automobile loan.

34. Upon information and good faith belief, Wells Fargo placed its calls to Plaintiff's cellular telephone number voluntarily.

35. Upon information and good faith belief, Wells Fargo placed its calls to Plaintiff's cellular telephone number under its own free will.

36. Upon information and good faith belief, Wells Fargo had knowledge that it was using an ATDS, and an artificial or prerecorded voice, to place its calls to Plaintiff's cellular telephone number.

37. Plaintiff suffered actual harm as a result Wells Fargo's calls in that she suffered an invasion of privacy, an intrusion into her life, a private nuisance, and ultimately cancelled her cellular telephone number.

38. Upon information and good faith belief, Wells Fargo, as a matter of pattern and practice, uses an ATDS, and an artificial or prerecorded voice, to place calls, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

**Class Action Allegations**

39. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons and entities throughout the United States (1) to whom Wells Fargo Bank, N.A. placed a call in connection with a Wells Fargo account, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Wells Fargo Bank, N.A. accountholder, (3) via its Aspect dialer or with an artificial or prerecorded voice, (4) from July 11, 2019 through the date of class certification.

40. Excluded from the class are Wells Fargo, Wells Fargo's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Wells Fargo has or had a controlling interest.

41. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

42. The exact number of the members of the class is unknown to Plaintiff at this time and can be determined only through appropriate discovery.

43. The class is ascertainable because it is defined by reference to objective criteria.

44. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained

by Wells Fargo, class members, and other third parties.

45. Plaintiff's claims are typical of the claims of the members of the class.

46. As it did for all members of the class, Wells Fargo used an ATDS, and an artificial or prerecorded voice, to place calls to Plaintiff's cellular telephone number.

47. Plaintiff is not, and never was, a Wells Fargo accountholder or customer.

48. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Wells Fargo.

49. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

50. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that she seeks to represent.

51. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

52. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

53. There will be little difficulty in the management of this action as a class action.

54. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Wells Fargo has acted on grounds generally applicable to the class.

55. Issues of law and fact common to all members of the class are:

   a. Wells Fargo's violations of the TCPA;
   b. Wells Fargo's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;
   c. Wells Fargo's use of an ATDS as defined by the TCPA;
   d. Wells Fargo's use of an artificial or prerecorded voice, and
   e. The availability of statutory penalties.

56. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

57. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

58. Wells Fargo has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

### Count I—Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

59. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-58.

60. Wells Fargo violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an ATDS to place calls to Plaintiff's cellular telephone number without consent.

61. Wells Fargo separately violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number without consent.

62. As a result of Wells Fargo's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Wells Fargo violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Wells Fargo from continuing its violative behavior, including continuing to place calls to the cellular telephone numbers of members of the class, by using an ATDS or an artificial or prerecorded voice;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: August 14, 2020

/s/ *Russell S. Thompson, IV*
Russell S. Thompson, IV (Cal. Bar No. 325944)
Elliot Rosenberger (Cal. Bar No. 298837)
Thompson Consumer Law Group, PC
7080 Hollywood Blvd., Suite 1100
Los Angeles, CA 90028
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
erosenberger@ThompsonConsumerLaw.com

Michael L. Greenwald (to seek admission *pro hac vice*)
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
Telephone: (561) 826-5477
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the proposed class